**NOT FOR PUBLICATION**

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

|  |  |  |
|---|---|---|
| RODGER DWIGHT ABRAHAMS a/k/a ROBERT JOHNSON, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 2003-164 |
| v. | ) ) ) | |
| UNITED STATES MARSHALS SERVICE, UNKNOWN MARSHALS, and CONRAD HOOVER, acting in his capacity , | ) ) ) ) | |
| Defendants. | ) ) | |

**Darwin Carr, Esq.**
St. Thomas, U.S.V.I.
   *For plaintiff, Rodger Dwight Abrahams,*

**Jocelyn Hewlett, AUSA**
St. Thomas, U.S.V.I.
   *For the defendants, United States Marshals.*

**ORDER**

Before the Court is the motion of defendants, United States Marshals Service, Unknown Marshals, and Conrad Hoover (collectively, the "Marshals") to dismiss.

**BACKGROUND**

On July 11, 2001, the plaintiff, Rodger Dwight Abrahams a/k/a Robert Johnson ("Abrahams") was arrested for importing and possessing a controlled substance. On October 10, 2001, Abrahams was in the Marshals' custody. Abrahams alleges that on that

*Abrahams v. US Marshals*
Civil No. 2003-164
ORDER
Page 2

morning several marshals assaulted him.

On January 7, 2002, Abrahams' counsel sent a letter to the United States Attorney's Office on Abrahams' behalf. That letter describes the alleged assault, and states Abrahams' intent to file a tort claim against "the Government of the United States, and the Office of the United States Attorney." *See* Gwendolyn Wilds, Letter, Jan. 7, 2002; Opp. to Mot. to Dismiss, Ex. 1. It requests damages in an amount "to be determined at trial." *See id.* On February 14, 2002, Abrahams sent a copy of the same letter to Conrad Hoover.

Abrahams filed this action against the Marshals, claiming that he is entitled to damages for the injuries he suffered as a result of the alleged assault. The Marshals moved to dismiss for failure to state a claim upon which relief could be granted.

## DISCUSSION

Motions to dismiss for failure to state a claim on which relief could be granted are decided in accordance with Federal Rule Civil Procedure 12 (b)(6). All material allegations are taken as admitted, all facts are construed in a light most favorable to the non-moving party, and all reasonable inferences are drawn for the non-moving party's benefit. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Alston v. Parker*, 363 F.3d 229, 223 (3d Cir. 2004). The Court will grant the motion only if

*Abrahams v. US Marshals*
Civil No. 2003-164
ORDER
Page 3

no set of facts in support of claims pled would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**ANALYSIS**

The complaint does not attach labels to specific claims. Nevertheless, it alleges four counts: a Sixth Amendment violation; a Fourteenth Amendment violation; a claim under 42 U.S.C. § 1983; and a claim under 28 U.S.C. § 1343. The Court will address each in turn.

**A. Sixth Amendment**

The Sixth Amendment "affords individuals rights to a speedy trial, to an impartial jury, to know the nature and cause of a criminal accusation, to be confronted with the witnesses against them, and to effective assistance of counsel." *Merkle v. Upper Dublin School Dist.*, 211 F.3d 782, 792 (3d Cir. 2000); *see also* U.S. Const. amend. VI; Revised Organic Act of 1954, § 3, as amended 48 U.S.C § 1561 (1984) (extending these rights to citizens of the Virgin Islands).

Abrahams' complaint does not make any allegations that relate to his criminal trial. Specifically, he does not claim that the alleged assault by the Marshals had any effect on his Sixth Amendment rights.

Abrahams has made no allegation regarding the length of time between his arrest and his conviction. *Cf. Washington v. Sobina*,

*Abrahams v. US Marshals*
Civil No. 2003-164
ORDER
Page 4

475 F.3d 162, 165 (3d Cir. 2007) (holding that a plaintiff must allege that "the inherent delay between arrest and conviction has risen to an unacceptable level...."). He has made no allegation regarding any jury in any criminal trial. *Cf. Holland v. Illinois*, 493 U.S. 474, 514-15 (1990) (holding that a plaintiff may state a Sixth Amendment claim when he alleges that the jury in his case did not represent a fair cross section of society). He has made no allegation regarding his ability to confront any witness. *Cf. Crawford v. Washington*, 541 U.S. 36, 60 (2004) (holding that the Sixth Amendment provides a right to cross-examination). Finally, Abrahams has made no allegation regarding the assistance he received from counsel. *Cf. Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002) (holding that a claim for ineffective assistance of counsel requires the plaintiff allege representation below an objectively reasonable standard, and actual prejudice in a trial setting).

Significantly, Abrahams' complaint does not implicate any of his Sixth Amendment rights. *Cf. Merkle*, 211 F.3d at 792 (holding that the plaintiff could not state a claim of a Sixth Amendment violation when she did not implicate any of the rights listed under that amendment). Accordingly, the Court will dismiss Abrahams' Sixth Amendment claim, for failure to state a claim upon which relief could be granted.

*Abrahams v. US Marshals*
Civil No. 2003-164
ORDER
Page 5

**B. Fourteenth Amendment**

The Fourteenth Amendment provides in part:

> No State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. 14, § 1.  The Fourteenth Amendment does not protect against offenses by private citizens; nor does it apply to federal action.  *See id.* at 644 ("It was never supposed that [Section One of the Fourteenth Amendment] conferred on [C]ongress the power to enact a law which would punish a private citizen for an invasion of the rights of his fellow-citizen...."); *Corrigan v. Buckley*, 271 U.S. 323, 330 (1926) (holding that the Fourteenth Amendment did not apply to actions of the federal government, because "the prohibitions of the Fourteenth Amendment have reference to State action exclusively....")(quotations omitted).

Abrahams' suit seeks damages from a federal agency and individual federal agents.  Nowhere in his complaint does Abrahams allege any wrongdoing by a state actor.  Accordingly, Abrahams has failed to state a claim for relief under the Fourteenth Amendment.

**C. 42 U.S.C. § 1983**

Title 42, Section 1983 ("Section 1983") of the United States

*Abrahams v. US Marshals*
Civil No. 2003-164
ORDER
Page 6

Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

The provision was derived from the Civil Rights Act of 1871 to enforce the Fourteenth Amendment. *See Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). "It is well established that liability under § 1983 will not attach for actions taken under the color of federal law." *Id.* (citing *Bethea v. Reid*, 445 F.2d 1163, 1164 (3d. Cir. 1971).

Abrahams does not allege that the Marshals acted under the color of a state or territorial law. Accordingly, Abrahams has failed to state a claim upon which relief may be granted under Section 1983.

**D. 28 U.S.C. § 1343**

A pleading literally founded in Title 28, Section 1343 ("Section 1343") is comparable to an action suing federal agents for civil rights violations pursuant to the Supreme Court's ruling in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotic*, 403 U.S. 388 (1971). *See Howell v. Cataldi*, 464 F.2d 272, 274-75 (3d Cir. 1972). These are the federal equivalent of a

*Abrahams v. US Marshals*
Civil No. 2003-164
ORDER
Page 7

claim against those acting under the color of state or territorial law brought under Section 1983. *See Brown et. al. v. Philip Morris Inc.,* 250 F.3d 789, 800 (3d Cir. 2001). Accordingly, there are two elements required to bring a *Bivens* claim. First, the defendants must have been acting under the color of federal law; and second, the defendants must have caused the plaintiff to be deprived of a right secured by the Constitution and laws of the United States. *See Goldstein v. Moatz*, 364 F.3d 205, 364 F.3d 205, 210 n.8 (4th Cir. 2004) (citing *Bivens*, 403 U.S. at 389).

Abrahams has alleged that the Marshals subjected him to unreasonable force while detaining him under federal law. However, prior to bringing a *Bivens* action, prisoners who have been threatened or attacked must exhaust internal prison remedies. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 324 n.15 (3d. Cir. 2001); *see also Porter v. Nussle*, 534 U.S. 516, 525-26 (2002) (holding that exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997(e), applied to prisoners alleging incidents of excessive force).

To exhaust administrative remedies, a prisoner must make a timely effort to properly pursue any administrative procedure available to him. *See Woodford v. Ngo*, 126 S. Ct. 2374, 2384-87

*Abrahams v. US Marshals*
Civil No. 2003-164
ORDER
Page 8

(2006).[1]

The United States brings the Court's attention to administrative procedures for grievances under the Federal Tort Claims Act. *See, e.g.,* 28 C.F.R. §14. However, it admits that "[t]he United States Marshals Services does not have any other internal grievance procedure or available remedy." *See* Supp. Brief in Support of Mot. to Dismiss, August 9, 2007, at 2.[2]

In the absence of any formal procedure, Abrahams sent a letter to the United States Attorney's Office on St. Thomas and the United States Marshal, informing them of his grievance. In this manner Abrahams exhausted the only administrative remedy reasonably available for his claim. He was not required to exhaust remedies that did not exist.

## CONCLUSION

Accordingly,

It is hereby **ORDERED** that the Marshals' motion to dismiss is

---

[1] Woodford, held that the exhaustion requirements under 42 U.S.C. § 1997e(a) require "proper" exhaustion.

> "Proper exhaustion... means using all steps that the agency holds out, and doing so properly... [which] demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of the proceedings."

*Woodford*, 126 S. Ct. at 2385-86.

[2] The United States argues that, in the absence of an administrative process for his claim, Abrahams was obligated to pursue the unrelated procedures available for those claiming damages under the Federal Tort Claims Act. The Court sees no such obligation.

*Abrahams v. US Marshals*
Civil No. 2003-164
ORDER
Page 9

**GRANTED** in part and **DENIED** in part; and

It is further **ORDERED** that the Marshal's motion to dismiss is **GRANTED** with respect to Abrahams' claims under the Sixth Amendment, the Fourteenth Amendment and Section 1983; and

It is further **ORDERED** that the Marshals' motion to dismiss is **DENIED** with respect to Abrahams' *Bivens* claim.


Dated: August 14, 2007             s/_____
                                   Curtis V. Gómez
                                   Chief Judge